IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KENNETH RAY ADAMS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-260-Y |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.     PARTIES**

Petitioner Kenneth Ray Adams, TDCJ #737562, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.     PROCEDURAL BACKGROUND**

Adams is serving a forty-year sentence on his 1995 conviction for involuntary manslaughter in Case No. 0558887D in the 371st District Court of Tarrant County, Texas. (Transcript at 56) Adams appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on April 30, 1997, the Texas Court of Criminal Appeals refused his petition for discretion review. *Adams v. Texas*, No. 95-549-CR, slip op. (Tex. App-Fort Worth Feb. 14, 1997); Adams *v. Texas*, PDR No. 329-97. Adams did not seek a writ of certiorari; thus, his conviction became final under state law on July 29, 1997, 90 days after his petition for discretionary review was refused. (Petition at 3) *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Adams has filed two state habeas applications. The first, filed on November 28, 2000, was denied without written order on the findings of the trial court by the Texas Court of Criminal Appeals. *Ex parte Adams*, Appl. No. 35,859-02, at cover. The second, filed on December 14, 2007, was dismissed by the Texas Court of Criminal Appeals as successive. *Ex parte Adams*, Appl. No. 35,859-03, at cover.

By way of this petition, Adams claims (1) the Texas Board of Pardons and Paroles (the Board) has incorrectly calculated his parole eligibility date, (2) he "newly discovered" that the trial court erroneously entered an affirmative deadly weapon after the conclusion of his jury trial, and (3) the Texas Court of Criminal Appeals erred in dismissing his state habeas application, raising claims (1) and (2), as successive. (Petition at 7 & Insert)

**D.     RULE 5 STATEMENT**

Quarterman believes that Adams's claims are time-barred, unexhausted and procedurally barred, and/or not cognizable on federal habeas review.  (Resp't Answer at 4-12)

**E.     STATUTE OF LIMITATIONS**

Claims (1) and (2) are interrelated.  Adams claims the trial court erred by entering an affirmative deadly weapon after his jury trial in 1995, because the jury did not find this to be true based on the evidence and, instead, found him guilty of involuntary manslaughter.  As a result of the error, he contends the Board has incorrectly calculated his parole eligibility date under the "1/2 law" and not the "1/4 law."  *See* TEX. GOV'T CODE ANN. § 508.145(d) (Vernon Supp. 2008) (formerly TEX. CODE CRIM. PROC. ANN. art. 42.18, § 8(b)(3)).[1]

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]Article 42.18(b)(3), in effect when Adams committed the offense, provided:

> If a prisoner is serving a sentence for the offenses listed in Subdivision (1)(A), (C), (D), (E), or (F) of Section 3g(a), Article 42.12 of this code, or if the judgment contains an affirmative finding under Subdivision (2) of Subsection (a) of Section 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the maximum sentence or 30 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years.

*See* Act of May 29, 1993, 73th Leg., R.S., ch. 900, §6.01, 1993 Tex. Gen. Laws 3589, 3764.

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

 Under subsection (D), applicable to this case, the limitations period began to run on the date the factual predicate of Adams's claims could have been discovered through the exercise of due diligence. Quarterman argues that Adams could have discovered the factual basis of his first two claims with due diligence, at the latest, when his conviction became final. (Resp't Answer at 5-6) Adams, on the other hand, argues that after numerous inquiries beginning in June 2000 to the trial judge, TDCJ's Classification and Records, the Board, and the State Counsel for Offenders, he first became aware that the judgment contained an affirmative deadly weapon finding in December 2007, when he filed his state habeas application challenging the Board's calculation of his parole eligibility date. (Pet'r Reply at 2-3) Through the use of due diligence, however, Adams could have learned that the judgment on the jury's verdict contained an affirmative deadly weapon finding, and, in turn, how his parole eligibility date would be calculated, on the date the judgment was entered, or, at the very latest when the judgment became final on July 29, 1997. Thus, his federal petition was due on or before July 29, 1998, absent any tolling. Adams's assertion that the trial court erroneously

4

entered an affirmative deadly weapon finding because the jury made no such finding is without merit under state law.  (Transcript at 38-51)  *See Lafleur v. Texas*, 106 S.W.3d 91, 97 (Tex. Crim. App. 2003).

Adams's state habeas applications filed after limitations had already expired did not operate to toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[2]  Nor is Adams entitled to tolling as a matter of equity.  Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief.  *Id.*  The petitioner bears the burden of establishing entitlement to equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  Adams has not demonstrated that he pursued federal habeas relief in a diligent manner.  Thus, his federal petition is untimely as to claims (1) and (2).

**F.    State Habeas Proceeding**

Adams argues under claim (3) that the Texas Court of Criminal Appeals erred in dismissing his second state habeas application as successive without addressing the merits of his claims therein.

---

[2] Adams filed a state application for writ of mandamus seeking a free copy of the state court records on October 17, 1997.  The pendency of a mandamus application does not, however, act to toll the limitations period under § 2254(d)(2)'s tolling provision and bears no relevance to the computation of the limitations period.  *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002).

5

Errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

## II. RECOMMENDATION

It is therefore recommended that Adams's claims (1) and (2) be dismissed as time-barred and claim (3) be denied as not cognizable on federal habeas review.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 23, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 23, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 2, 2009.

                                                                    /s/   Charles Bleil  
                                                          CHARLES BLEIL  
                                                          UNITED STATES MAGISTRATE JUDGE